**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:23-CV-00042-SCR**

| | |
|---|---|
| **ALISHA PEARL KEFFER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND ORDER OF** |
| ) | **REMAND** |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on "Plaintiff's Social Security Brief" (Doc. No. 7), "Defendant's Brief" (Doc. No. 9-1) and "Plaintiff's Reply" (Doc. No. 10).[1]

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the matter is ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will reverse the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below.

---

[1] Following recent amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.

Plaintiff filed the present action on March 23, 2023. She assigns error to the Administrative Law Judge's ("ALJ") formulation of her Residual Functional Capacity ("RFC").[2] See "Plaintiff's Brief" at 2, 7-25 (Doc. No. 7); Plaintiff's "Reply …" at 1-5 (Doc. No. 10). Specifically relevant to the present discussion that remand is required, Plaintiff argues that the ALJ erred by finding at the RFC stage that Plaintiff could perform work with "simple routine repetitive tasks, with at least one-to-two step instructions" but then found Plaintiff not disabled based on her ability to perform jobs with Reasoning Level 2 that requires the ability to "carry out detailed instructions." (Doc. No. 7 at 2 (citing Tr. 2679 and 2687) (emphasis added); at 15 (citing Dictionary of Occupational Titles ("DOT"), App. C., https://occupationalinfo.org/appendxc_1.html#III.) (last modified Apr. 11, 2020)).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); Biestek v. Berryhill, 587 U.S. 97, 102-03, 139 S. Ct. 1148, 1154 (2019); Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023); Arakas v. Comm'r of Soc. Sec., 983 F.3d 83, 94 (4th Cir. 2020). Substantial evidence is "more than a mere scintilla" and "[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Oakes, 70 F.4th at 212 (quoting Biestek, 139 S. Ct. at 1154 (2019) (quotations omitted)). The threshold is "not high" and defers to the ALJ, "who has

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite your limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

seen the hearing up close." Id. "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's.'" Id. (citing Arakas, 983 F.3d at 95 and quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). But "even under this deferential standard, we do not 'reflexively rubber-stamp an ALJ's findings.'" Id. (citing Arakas, 983 F.3d at 95 and quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Id. (citing Arakas, 983 F.3d at 95); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusions).

Where the ALJ fails to build that logical bridge, the Court must remand for further proceedings. See Monroe, 826 F.3d at 189; see also Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017)). In Patterson, the Court explained:

> We do not take a position on the merits of [Plaintiff's] application for disability benefits. Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

846 F. 3d at 663 (citing Kohler v. Astrue, 546 F.3d 260, 267 (2d Cir. 2008)).

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff challenges the ALJ's determination of her RFC. The ALJ is responsible for assessing a claimant's

---

[3] The term "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…

42 U.S.C. § 423(d)(1)(A); see also Pass v. Chater, 65 F.3d 1200, 1205 (4th Cir. 1995).

RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR96-8p (July 2, 1996), https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-08-di-01.html. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

SSR 96-8p explicitly directs:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Id.

Plaintiff has the burden of establishing his RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§ 404.1512(a) & 416.912(a); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), mem. and recommendation adopted, 2012 WL 1858844 (May 22, 2012), aff'd, 487 F. App'x 795 (4th Cir. 2012).

In Mascio v. Colvin, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory

evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).  See also Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) ("ALJ's analysis of [plaintiff's] RFC contains too little logical explanation for us to conduct meaningful appellate review").

Here, the ALJ ultimately concluded that Plaintiff was not disabled because of her continuing ability to perform the following jobs: Assembler, Electrical Accessories I, DOT #729.687-010; Assembler, Plastic Hospital Products, DOT #712.687-010; and Garment Sorter: DOT #222.687-014. (Tr. 2692-93).  Each of these jobs has a DOT Reasoning Level 2, which is the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, App. C. (emphasis added).

As noted above, here the ALJ found Plaintiff had the ability to perform "simple routine repetitive tasks, with at least one-to-two step instructions." (Tr. 2679).  With the exception of the addition of "at least," this definition tracks with DOT Reasoning Level 1 which is the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C.  The ALJ did not explain the significance of her addition of "at least." Moreover, in the portion of her decision where the ALJ relied on the jobs noted above, the ALJ made no mention whatsoever of Reasoning levels.  (Tr. 2692-93).  It is not for the Court to supply missing explanation or rationale for the ALJ's findings. See Patterson, 846 F.3d at 663 ("Show your work").

In sum, there is a conflict between the ALJ's conclusion that Plaintiff was limited to "simple routine repetitive tasks, with at least one-to-two step instructions," (Tr. 2679) and the ultimate decision that Plaintiff was not disabled based on the existence of certain jobs (Tr. 2692-93). Once closely examined, each of the jobs identified by the ALJ require Reasoning Level 2 and the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, App. C. These two conclusions do not square, and therefore, this error requires remand. See Henderson v. Colvin, 643 F. App'x 273, 277 (4th Cir. 2016) (per curiam, unpublished) ("there is an apparent conflict between an RFC that limits Henderson to one-to-two step instructions and GED Reasoning Code 2, which requires the ability to understand detailed instructions."); Walker v. Berryhill, No. 5:17-CV-00090-FDW, 2018 WL 709976, at *5 (W.D.N.C. Feb. 05, 2018) ("As [GED] Reasoning Code 2 requires the ability to understand *detailed* instructions, a conflict sems to exist with the RFC limitation of "1-3 step instructions." (emphasis in original)); Thomas, 916 F.3d at 314 (limitation to "short, simple instructions" conflicts with Reasoning Level 2); Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019) ("'Short' is inconsistent with "detailed" because detail and length are highly correlated").

Although multiple explanations for the present inconsistencies are possible, the hearing decision in its present form does not logically explain the ALJ's decision or this apparent conflict. Accordingly, remand is required.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1.      The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for

a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

2.      The Clerk is directed to send copies of this Memorandum and Order to counsel for

the parties.

**SO ORDERED.**               Signed: July 31, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see also Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990). In this case, a new hearing is required.